Shawn G. Hansen (SBN 197033)
shansen@nixonpeabody.com
NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Telephone: (213) 629-6000
Facsimile: (855) 780-9262

*Attorneys for Plaintiff*
AKESO HEALTH SCIENCES, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

**AKESO HEALTH SCIENCES, LLC**,

Plaintiff,

vs.

**H&H WHOLESALE SERVICES, INC.**,

Defendant.

Case No. 2:16-cv-8884

**COMPLAINT FOR WILLFUL PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Akeso Health Sciences, LLC alleges as follows for its Complaint for Willful Patent Infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*., against Defendant H&H Wholesale Services, Inc.:

**THE PARTIES**

1. Plaintiff Akeso Health Sciences, LLC ("Akeso") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 4607 Lakeview Canyon #561, Westlake Village, California.

2. Defendant H&H Wholesale Services, Inc. ("H&H") is a corporation organized and existing under the laws of the State of Michigan with a principal place of business located at 1099 Rochester Rd., Troy, Michigan, 48083.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, this Court has specific personal jurisdiction over H&H because H&H has placed infringing goods into the stream of commerce with the expectation that they would be purchased in the State of California and/or otherwise has purposefully directed activities toward the State of California related to the sale of infringing goods.

5. Venue for this action is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## PATENTS-IN-SUIT

6. United States Patent Number 6,068,999 (" '999 patent") is titled "Dietary Supplement for Supporting Cerebrovascular Tone and Treating Migraine Headaches" and was duly and validly issued by the United States Patent and Trademark Office on May 30, 2000. A true and correct copy of the '999 patent is attached to and incorporated herein as Exhibit A.

7. United States Patent Number 6,500,450 (" '450 patent") is titled "Composition for Treating Migraine Headaches" and was duly and validly issued by the United States Patent and Trademark Office on December 31, 2002. A true and correct copy of the '450 patent is attached and incorporated herein as Exhibit B. The '999 and '450 patents are referred to collectively herein as the "Patents-in-Suit".

8. The Patents-in-Suit each name Akeso's founder, Curt Hendrix, as the sole inventor.

9. Akeso is the owner by assignment of all right, title, and interest in the Patents-in-Suit, including all rights to sue and collect for past damages.

## AKESO'S PATENTED INVENTIONS

10. The Patents-in-Suit relate to Mr. Hendrix's pioneering inventions for

improving cerebrovascular tone and reducing the occurrence and severity of migraine headaches. While many compounds have been tried as remedies for migraine headaches, a major challenge in formulating an effective treatment for migraine headaches is combining the correct compounds at therapeutically effective dosages. The inventions claimed in Akeso's Patents-in-Suit overcame this challenge through novel and non-obvious proprietary combinations of feverfew plant extract (parthenolide), magnesium, and riboflavin.

11. Before the Patents-in-Suit, no known dietary supplement provided in a single treatment the wide range of therapeutic benefits that are provided by Akeso's patented inventions. In addition to improved cerebrovascular tone, patients receiving the preferred embodiment experienced significantly reduced occurrence of migraine headaches, decreased sensitivity to light and sound, reduced nausea, and increased mobility.

12. Akeso's MigreLief® products sold under the Patents-in-Suit succeeded in providing natural, drug-free relief for migraine headaches where others failed, meeting a long-felt but unresolved need. They have enjoyed great commercial success. And they have been widely copied in a variety of infringing products, including those sold by H&H and many others.

13. Akeso makes and sells its patented MigreLief® products under the Patents-in-Suit. In accordance with 35 U.S.C. § 287(a), Akeso marks its MigreLief® products with the number of the Patents-in-Suit.

## H&H'S WILLFUL INFRINGEMENT

14. H&H has willfully infringed the Patents-in-Suit in connection with distribution of MigreLief® outside of authorized channels of distribution.

15. H&H's conduct in connection with using, selling, offering to sell and/or importing MigreLief® directly infringes at least one claim of the '999 patent and at least one claim of the '450 patent pursuant to 35 U.S.C. § 271(a).

16. In addition to direct infringement, H&H is liable for inducement of

infringement under 35 U.S.C. § 271(b).

17. Use of MigreLief® as directed on the product label constitutes direct infringement of at least claim 16 of the '450 patent and at least claim 9 of the '999 patent. H&H affirmatively directs and encourages users to directly infringe by administering the recommended daily dosage of a therapeutically effective amount of parthenolide, a magnesium salt and riboflavin, the magnesium salt being provided as a salt of an organic acid.

18. Akeso and its MigreLief® product are well known in the dietary supplement industry. Akeso's web site and every bottle of MigreLief® are marked with the numbers of the Patents-in-Suit. Upon information and belief, H&H has actual and/or constructive knowledge of Akeso's MigreLief® product and of the Patents-in-Suit and of restrictions imposed by Akeso on channels of distribution of H&H's MigreLief®.

19. Upon information and belief, H&H knowingly induces infringement of the Patents-in-Suit and possesses specific intent to encourage direct infringement by users of MigreLief®. Accordingly, H&H is liable for inducing infringement of the Patents-in-Suit pursuant to 35 U.S.C. §271(b).

20. H&H further is liable for contributory infringement pursuant to 35 U.S.C. § 271(c).

21. MigreLief® is material to practicing the inventions of the Patents-in-Suit.

22. Administration of MigreLief® as directed on the label constitutes direct infringement of the Patents-in-Suit.

23. There are no substantial non-infringing uses of MigreLief®. On the contrary, the only known use, and the specific use directed on the product label, is to be administered for the purpose of reducing the symptoms of migraine headache in a directly infringing manner.

24. Upon information and belief, H&H has knowledge of the Patents-in-

Suit and of the fact that MigreLief® is especially made or adapted for use in infringement of the Patents-in-Suit.

25. Accordingly, H&H is liable for contributory infringement of the Patents-in-Suit pursuant to 35 U.S.C. § 271(c).

26. Upon information and belief, H&H has knowledge of the Patents-in-Suit and knows or should know that its conduct in relation to MigreLief® infringes the Patents-in-Suit. Accordingly, H&H's infringement is and has been willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, and/or characteristic of a pirate.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 6,068,999)

27. Akeso repeats and realleges the allegations of the foregoing paragraphs 1 through 26 as if fully set forth herein.

28. H&H has directly infringed at least one claim of the '999 patent under 35 U.S.C. §§271(a) literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering to sell MigreLief®.

29. H&H has indirectly infringed at least one claim of the '999 patent by inducement under 35 U.S.C. §271(b) by instructing and encouraging end users and healthcare practitioners to directly infringe the '999 patent, literally and/or under the doctrine of equivalents. H&H did so with knowledge of the '999 patent and specific intent to encourage end users and health care practitioners to directly infringe, literally and/or under the doctrine of equivalents. End users and health care practitioners directly infringed the '999 patent, literally and/or under the doctrine of equivalents, in connection with MigreLief®.

30. H&H has indirectly infringed at least one claim of the '999 patent contributorily under 35 U.S.C. § 271(c) by offering to sell and selling MigreLief®, knowing the same to be especially made or especially adapted for use in an infringement of the '450 patent, and not a staple article or commodity of commerce

suitable for substantial non-infringing use.

31. H&H's infringement is and has been willful.

32. Akeso has been damaged, in an amount to be determined, as a direct and proximate result of H&H's infringement of the '999 patent.

## SECOND CLAIM FOR RELIEF

## (Infringement of U.S. Patent No. 6,500,450)

33. Akeso repeats and realleges the allegations of the foregoing Paragraphs 1 through 32 as if fully set forth herein.

34. H&H has directly infringed at least one claim of the '450 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering to sell MigreLief®.

34. H&H has indirectly infringed at least one claim of the '450 patent by inducement under 35 U.S.C. § 271(b) by instructing and encouraging end users and/or health care practitioners to directly infringe the '450 patent, literally and/or under the doctrine of equivalents. H&H does so with knowledge of the '450 patent and specific intent to encourage end users and/or health care practitioners to directly infringe, literally and/or under the doctrine of equivalents. End users and health care practitioners directly infringe the '450 patent, literally and/or under the doctrine of equivalents, in connection with MigreLief®.

35. H&H has indirectly infringed at least one claim of the '450 patent contributorily under 35 U.S.C. § 271(c) by offering to sell and selling MigreLief®, knowing the same to be especially made or especially adapted for use in an infringement of the '450 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

36. H&H's infringement is and has been willful.

37. Akeso has been damaged, in an amount to be determined, as a direct and proximate result of H&H's infringement of the '450 patent.

## PRAYER FOR RELIEF

WHEREFORE, Akeso respectfully requests the Court to enter judgment in favor of Akeso and against H&H as to all claims asserted herein as follows:

A. Granting a judgment that H&H has directly infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a);

B. Granting a judgment that H&H has indirectly infringed the Patents-in-Suit in violation of 35 U.S.C. §§ 271(b) and 271(c);

C. Ordering H&H to pay to Akeso actual damages in the form of lost profits or, in the alternative, other damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the patented inventions by H&H, together with pre-judgment and post-judgment interest and costs as fixed by the Court, in accordance with 35 U.S.C. § 284;

D. Granting a judgment that H&H's infringement was willful and ordering H&H to pay to Akeso increased damages of three times the compensatory damages, in accordance with 35 U.S.C. § 284;

E. Granting a judgment that this case is exceptional under 35 U.S.C. §285 and ordering H&H to pay to Akeso its reasonable attorney fees incurred in this action; and

F. Granting Akeso such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and Central District of California L.R. 38-1, Akeso demands a trial by jury on all issues so triable.

Dated: November 30, 2016

NIXON PEABODY LLP

By: /s/ Shawn G. Hansen

*Attorneys for Plaintiff*
AKESO HEALTH SCIENCES, LLC